Eva M. Ciko, Esquire (EC-0944)
Joanna A. Diakos, Esquire (JD-7269)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
Telephone: (212) 536-3900
Facsimile: (212) 536-3901

Jerry S. McDevitt, Esquire
Lucas G. Paglia, Esquire
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Attorneys for Plaintiff
World Wrestling Entertainment, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WORLD WRESTLING
ENTERTAINMENT, INC.,

                    Plaintiff,

    v.

VARIOUS JOHN AND JANE DOES,
and VARIOUS XYZ CORPORATIONS,

                    Defendants.
------------------------------------------------------------X

JUDGE CHIN

04 Civ. ____ ( )

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR AN ORDER TEMPORARILY SEALING
## THE FILE AND DOCKET SHEET

Plaintiff World Wrestling Entertainment, Inc., ("WWE") has filed a Motion For An Order Temporarily Sealing The File And Docketing Statement requesting from this Court an Order directing the Clerk to temporarily seal the file, including the docket sheet, of this Action pending execution by the United States Marshal or other authorized persons of the Seizure Order

PI-1132700 v1 0149511-2000

requested by Plaintiff in this case. In support of WWE's Motion For an Order Temporarily Sealing The File And Docketing Statement, WWE submits this brief containing a concise statement of the legal authorities relied upon.

Plaintiff has filed this action for, inter alia, trademark counterfeiting in violation of 15 U.S.C. § 1116(d) and is seeking an Ex Parte Seizure Order. As described more fully in WWE's Verified Complaint, Application for Temporary Restraining Order, and Memorandum in Support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order for Seizure of Counterfeit Marked Goods, each of which is hereby incorporated by reference, WWE is the owner of numerous service marks and trademarks (collectively the "WWE Marks") which it has consistently and exclusively used in connection with the offering of its wrestling entertainment events to the public. As a result of WWE's extensive advertisement and promotion of its wrestling entertainment services and related goods under the WWE Marks, the WWE Marks have become well known to the public as identifying WWE and its quality offerings of services and related merchandise.

Defendants are wrongfully profiting from the goodwill and reputation of the WWE Marks by manufacturing and selling merchandise marked with counterfeits of the WWE Marks and/or with marks which infringe the WWE Marks. WWE has therefore brought this action for federal trademark infringement, unfair competition, false designation of origin, and trafficking in counterfeit marked goods arising under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"); including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d); and New York's common law of trademarks and unfair competition. Plaintiff seeks an ex parte temporary restraining order and an order for seizure of goods bearing counterfeit marks.

The Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), requires temporary sealing of the file (1) to protect Defendants from publicity before they have an opportunity to respond, and (2) to prevent Defendants from learning of the existence of this Action or any Seizure Order prior to its execution.

The Act specifically directs the Court to seal the Order and the supporting documents until such time as the Order can be contested. In particular, 15 U.S.C. § 1116(d)(8) states: "An order under this subsection, together with the supporting documents, shall be sealed until the person against whom the order is directed has an opportunity to contest such order, except that any person against whom such order is directed shall have access to such order and supporting documents after the seizure has been carried out."

The Act also directs the Court to take the necessary measures to prevent any publicity of the Order against the Defendants. In particular, 15 U.S.C. § 1116(d)(6) states "The court shall take appropriate action to protect the person against whom an order under this subsection is directed from publicity, by or at the behest of the plaintiff, about such order and any seizure under such order."

It is necessary that the Court file be sealed during the interval between filing of this Action and execution of any Seizure Order that may issue because otherwise Defendants may learn of the relief being sought and conceal or relocate their goods or sell them at locations outside those specified in the Seizure Order. It is necessary that the docketing statement for this action be sealed temporarily because otherwise Defendants may learn that WWE has applied for ex parte relief and may conceal or relocate their goods or sell them at locations outside those specified in the Seizure Order.

No person will be prejudiced by entry of an Order temporarily sealing the file and docketing statement for the purposes described above. The file and docketing statement are to be sealed only temporarily, until such time as the Defendants have an opportunity to respond to the Seizure Order.

WWE's request for an Order Sealing the Docket is justified to prevent Defendants from learning of the Seizure Order, and allowing them to avoid execution of the Order. This would allow them to move their unauthorized goods and allow them to continue to pass off their counterfeit marked merchandise as genuine WWE merchandise in other locations, thereby causing confusion, deception, and mistake of the public. Thus, granting this relief is necessary to prevent irreparable harm to WWE and its marks and is in the public interest. Granting the Order Sealing the Docket will also protect the Defendants from any unwarranted publicity.

Dated: March 10, 2004
New York, New York

Respectfully submitted,

WORLD WRESTLING ENTERTAINMENT, INC.

By: Eva M. Ciko (EC-0944)
Joanna A. Diakos (JD-7269)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900

and

Jerry S. McDevitt
Lucas G. Paglia
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building

535 Smithfield Street
Pittsburgh, PA 15222-2312
(412) 355 6500 (telephone)
(To be admitted pro hac vice)